Magistrate Judge S. Kate Vaughan

## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>NATHANIEL MUNIZ-SPRY,<br><br>Defendant. | CASE NO. MJ26-382<br><br>COMPLAINT for VIOLATION<br><br>Title 18, U.S.C.<br><br>Sections 922(g)(1) |

BEFORE, S. Kate Vaughan, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

### COUNT ONE

### (Unlawful Possession of a Firearm)

On or about June 16, 2026, at in Whatcom County, within the Western District of Washington, NATHANIEL MUNIZ-SPRY, knowing he had been convicted of the following crimes punishable by a term of imprisonment exceeding one year:

Complaint - 1
*United States v. Muniz-Spry*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  i. *Unlawful Possession of a Firearm in the First Degree,* in Skagit County Superior Court, under case number 17-1-00633-4, on or about November 1, 2018;

  ii. *Unlawful Possession of Short-Barreled Shotgun or Rifle,* in Skagit County Superior Court, under case number 17-1-00633-4, on or about November 1, 2018;

  iii. *Possession of a Stolen Vehicle,* in Skagit County Superior Court, under case number 17-1-00633-4, on or about November 1, 2018;

  iv. *Bail Jumping,* in Whatcom County Superior Court, under case number 16-1-00232-6, on or about November 8, 2018;

  v. *Unlawful Possession of a Firearm in the First Degree,* in Whatcom County Superior Court, under case number 16-1-00232-6, on or about November 8, 2018;

  vi. *Burglary in the Second Degree*, in Whatcom County Superior Court, under case number 14-1-00007-6, on or about March 6, 2014;

  vii. *Bail Jumping*, in Whatcom County Superior Court, under case number 13-1-01101-1, on or about March 6, 2014;

  viii. *Felony Violation of No Contact Order,* in Whatcom County Superior Court, under cause number 11-1-00234-1, on or about May 12, 2011;

  ix. *Residential Burglary*, in Whatcom County Superior Court, under cause number 08-1-1481-1, on or about February 26, 2009;

knowingly possessed, in and affecting interstate and foreign commerce, a firearm, that is: a Hi-Point C9 pistol, that had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

And the complainant states that this Complaint is based on the following information:

I, Robert Spivey, being first duly sworn on oath, depose and say:

## BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation, and have been since 2009. I have worked on numerous criminal investigations since then. I am

Complaint - 2
*United States v. Muniz-Spry*

currently assigned to the Seattle Division and work in the Everett office, where I investigate a variety of crimes, including violent crimes.

2.    As set forth below, there is probable cause to believe that NATHANIEL MUNIZ-SPRY intentionally possessed a firearm knowing that he had been convicted of multiple crimes punishable by a term of imprisonment exceeding one year.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the charge listed above, and therefore does not set forth all of my knowledge about this matter.

### SUMMARY OF PROBABLE CAUSE

3.    On June 16, 2026, at approximately 5:14 a.m., Border Patrol dispatch alerted agents in the field that a border surveillance camera had captured an image of an individual walking south approximately 50 to 75 yards from the United States-Canadian border, in a wooded area near the intersection of 4th and A Streets in Blaine, Washington. Smuggling and illegal border crossings frequently occur at this location.

4.    Border Patrol agents responded to the area within minutes.  Agents encountered NATHANIEL MUNIZ-SPRY, whose appearance was consistent with the image captured on the surveillance camera.  Agents asked MUNIZ-SPRY why he was in the area, and he said he was looking for a place to go to the bathroom.  Agents asked MUNIZ-SPRY for identification.  MUNIZ-SPRY said he did not have any because he had left his identification in his friend's van.  Agents asked for his name and date of birth, which he gave.  Agents placed MUNIZ-SPRY in the rear seat of a patrol car, uncuffed, and ran records checks.  Dispatch advised agents that there was an active "approach with caution" alert for MUNIZ-SPRY, given a prior instance in which he had brandished a knife at a law enforcement officer.

5.    Agents noticed that MUNIZ-SPRY moved his hands inside his sweatshirt pocket.  An agent ordered MUNIZ-SPRY to remove his hands to a spot where agents

Complaint - 3
*United States v. Muniz-Spry*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

could see them. MUNIZ-SPRY removed his hands from his sweatshirt, but then put them back in his sweatshirt multiple times. MUNIZ-SPRY told officers he needed to go to the bathroom and asked to be allowed to go into the wooded area. Agents told him that he needed to stay seated. MUNIZ-SPRY then stood up, and began walking toward the woods. One of the agents placed his hands on MUNIZ-SPRY and ordered him to sit back down. After MUNIZ-SPRY returned to his seat, agents, in light of MUNIZ-SPRY's concerning behavior, as well as the safety alert, decided to pat him down for weapons. An agent ordered MUNIZ-SPRY out of the car to allow for the pat down. MUNIZ-SPRY stepped out of the car, and placed both of his hands in his front pocket, near his waistband, while attempting to turn away from the agent. The agent grabbed MUNIZ-SPRY's hands, placed them on the patrol vehicle, and began the pat down. The agent felt what appeared to be the handle of a firearm in MUNIZ-SPRY's waistband area. MUNIZ-SPRY then forcibly pushed back while reaching for his waistband area. The agent was able to grip the firearm, and strip it away from MUNIZ-SPRY. The agent yelled "gun, gun, gun," to alert his fellow officers. The agent, while stripping the firearm, lost his balance, which allowed MUNIZ-SPRY to break the agent's hold. MUNIZ-SPRY started running away from the vehicle. A different agent then shot MUNIZ-SPRY in the leg. The agent who had taken the firearm immediately yelled that he had the gun.

6.    Agents provided medical aid to MUNIZ-SPRY, and called for emergency medical services. While they waited for the ambulance, MUNIZ-SPRY said: "Give me the dignity of have one last cigarette before going to prison forever."

7.    MUNIZ-SPRY was discharged from the hospital later that day. After his discharge, FBI agents advised MUNIZ-SPRY of his *Miranda* rights. MUNIZ-SPRY agreed to waive those rights and speak with agents. MUNIZ-SPRY said he had been drunk for two days. He said he had been with a friend, who had left to meet a woman. He said he waited in the area, and went to use the bathroom in the woods. After he was

Complaint - 4
*United States v. Muniz-Spry*

done, he saw the agents. He told agents did not have any identification, and that his wallet must have fallen out of his pocket when his friend dropped him off. He recalled hearing "approach with caution" over the law enforcement radio. He admitted to breaking the grip of the agent who was searching him and taking off running. He said he then noticed he had been shot and dropped to the ground. Toward the end of the interview, after being advised to tell the truth, he said, "My version will justify his actions."

8. The FBI has consulted with an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") who has specialized training and experience in the location of where firearms are manufactured. The ATF agent said that the firearm recovered from MUNIZ-SPRY, which is depicted below after being rendered safe by law enforcement, was manufactured outside the State of Washington. The firearm, which was loaded at the time MUNIZ-SPRY possessed it, was a Hi-Point C9 pistol.



Complaint - 5
*United States v. Muniz-Spry*

9.    According to law enforcement records, MUNIZ-SPRY was convicted of the felony crimes listed in the charging language above. MUNIZ-SPRY was sentenced to terms of imprisonment exceeding one year in those matters.

**CONCLUSION**

10.    Based on the above facts, I respectfully submit that there is probable cause to believe that NATHANIEL MUNIZ-SPRY did knowingly and intentionally unlawfully possess a firearm, in violation of Title 18, United States Code, Section 922(g).

_____
ROBERT SPIVEY, Complainant
Special Agent, FBI

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

Dated this 17th day of June, 2026.

_____
S. KATE VAUGHAN
United States Magistrate Judge

Complaint - 6
*United States v. Muniz-Spry*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970